WILLIAM E. KENNEDY (CSB #158214)
MARCO P. QUINTANA (CSB #237295)
LAW OFFICE OF WILLIAM E. KENNEDY
2797 Park Avenue, Suite 201
Santa Clara, California 95050
(408) 241-1000 phone
(408) 241-1500 fax

Attorney for Plaintiff ECHEFU SAMPSON OLUO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ECHEFU SAMPSON OLUO,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL CREDIT REPORTING, INC.<br><br><br>Defendant. | Case No. C06 06029<br><br>COMPLAINT FOR VIOLATIONS OF:<br><br>1) THE FEDERAL FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681 et seq., and<br><br>2) CALIFORNIA CONSUMER CREDIT REPORTING ACT, CIVIL CODE §1785 et seq.<br><br>**JURY TRIAL DEMAND** |

Plaintiff, ECHEFU SAMPSON OLUO, hereby brings this complaint against defendant NATIONAL CREDIT REPORTING, INC.

**JURISDICTION**

1. Federal jurisdiction is present in this action which is brought under the Federal Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. Pendant jurisdiction attaches to the related state law claim asserted herein.

COMPLAINT

1

**INTRADISTRICT ASSIGNMENT**

2. This action is filed in the San Jose Division of the United States District Court, Northern District of California. Such intradistrict assignment is proper because Plaintiff's claims arose from acts of the Defendant perpetrated therein.

**PARTIES**

3. The Plaintiff (hereafter Mr. Oluo) brings this action for damages based upon Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C §1681 et seq. (hereafter referred to as "FCRA"). Mr. Oluo seeks actual damages, punitive damages, statutory damages, costs and attorney's fees.

4. Mr. Oluo is a natural person and is a resident of the State of California and the United States. Mr. Oluo is a "consumer" as defined by 15 U.S.C. §1681a(c) and Civil Code §1785.3(b).

5. The Defendant, National Credit Reporting, Inc. (hereinafter NCR) is a Nevada corporation with its principal place of business in San Jose, California. NCR is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and a "consumer credit reporting agency" as defined by Civil Code §1785.3(d).

**STATEMENT OF FACTS**

6. During May 2006, Mr. Oluo applied for an apartment at Orchard Park Apartments in San Jose, California.

7. As a part of the application process Mr. Oluo completed a credit application.

8. On or about May 4, 2006, Mr. Oluo received a letter from Orchard Park Apartments.

9. Orchard Park Apartments' letter stated, "PLEASE TAKE NOTICE that your Application to Rent has been Denied."

10. According to the letter, Orchard Park Apartments rejected Mr. Oluo based on information received from defendant NCR.

11. Anxious to see what information NCR provided to Orchard Park Apartments, Mr.

COMPLAINT

2

Oluo visited NCR's office and asked for a copy of his credit report.

12. NCR refused to provide Mr. Oluo a copy of the report.

13. On or about June 28, 2006, Mr. Oluo mailed a letter to NCR asking for a copy of the credit report the defendant provided to Orchard Park Apartments. Mr. Oluo's letter attached the denial letter he received from Orchard Park Apartments.

14. On or about July 6, 2006 NCR sent a letter to Mr. Oluo. The letter acknowledged receipt of Mr. Oluo's request but stated that "we are not able to provide you a copy of your credit report. To obtain a copy, you will need to request it through the credit bureau."

15. On or about July 16, 2006, Mr. Oluo sent another letter to NCR.

16. Mr. Oluo's July 16 letter stated:

"Let me clarify my request. I am not asking for my Trans-Union, Equifax or Experian. Rather, I am asking for the report which your company prepared and which you sent to Orchard Park Apartments. According to the enclosed letter which I received from Orchard Park Apartments, they relied on information your company provided when they decided to deny my application for housing. Please send whatever information you sent Orchard Park Apartments as soon as possible."

17. On or about July 19, 2006, NCR replied to Mr. Oluo's letter by stating that it would not provide the requested information because, "[w]e have a contract with our clients and can only supply the information to them."

18. In response, Mr. Oluo again sent NCR a request for the information. Mr. Oluo's July 28, 2006 letter asked for the credit reports and eviction reports.

19. NCR did not respond to Mr. Oluo's July 28, 2006 request.

20. As a consequence of NCR's refusal to provide Mr. Oluo's credit report, Mr. Oluo has no way to find out what information was provided to Orchard Park Apartments.

21. As a consequence of NCR's refusal to provide Mr. Oluo's credit report, Mr. Oluo has no way to dispute the information contained within his credit report.

22. NCR has compromised Mr. Oluo's access to housing by denying his right to view and dispute information contained on his credit report.

23. On information and belief, NCR has a standing policy whereby it refuses to furnish consumers with their credit reports.

**COMPLAINT**

3

## FIRST CAUSE OF ACTION
**(Violation of the Federal Fair Credit Reporting Act: 15 U.S.C. §1681 et seq.)**

24. Plaintiff repeats and realleges and incorporates by reference all other paragraphs.

25. 15 U.S.C. §1681g explains the responsibilities of every credit reporting agency with respect to disclosures to consumers. Upon receiving a request, the credit reporting agency shall clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request. The consumer may bring a cause of action against the credit reporting agency if it does not comply with the provisions of §1681g.

26. Plaintiff requested to a copy of credit report from NCR on four separate occasions. Each time NCR refused to provide a copy of the report.

27. 15 U.S.C. §1681g(c) requires that in addition to providing a consumer with all information contained within the consumer's file, a consumer reporting agency shall also include a summary of the consumer's rights. NCR failed to provide Plaintiff with a summary of such rights.

28. Plaintiff is informed and believes that the violation of §1681g by NCR was willful. In the alternative, Plaintiff is informed and believes that the violation of §1681g by NCR was negligent.

## SECOND CAUSE OF ACTION
**(Violation of the California Consumer Credit Reporting Act: Civil Code§1785 et seq.)**

29. Plaintiff repeats and realleges and incorporates by reference all other paragraphs.

30. Civil Code §1785 explains the obligations of consumer credit reporting agencies. Pursuant to Civil Code §1785.10(a), upon request of any consumer, NCR was required to allow plaintiff to visually inspect all files maintained regarding plaintiff at the time of the request.

31. Pursuant to Civil Code §1785.10(b), NCR was required to promptly advise plaintiff of his rights under Civil Code §§1785.11.8, 1785.19, and 1785.19.5.

32. Plaintiff is informed and believes that the violation by NCR was willful. In the alternative, Plaintiff is informed and believes that the violation by NCR was negligent.

COMPLAINT

4

## PRAYER FOR RELIEF

THEREFORE, Plaintiff prays that the court grant:

a) Actual damages;

b) Punitive damages pursuant to 15 U.S.C. §1681n(a)(2) and Civil Code §1785.31(a)(2)(B);

c) Statutory Damages pursuant to 15 U.S.C. §1681n;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n(c) and Civil Code §1785.31(a)(1).

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

DATED: September 26, 2006         LAW OFFICE OF WILLIAM E. KENNEDY

By:   MARCO P. QUINTANA
Attorney for Plaintiff ECHEFU SAMPSON OLUO

COMPLAINT

5